UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DAVID M. HARGIS**                                                                                       **PLAINTIFF**

**v.**                                    **CASE NO. 4:05-CV-1332 GTE**

**WILDLIFE FARMS, INC., et al.**                                                            **DEFENDANTS**

### ORDER ON MOTION TO DISMISS

Presently before the Court is Separate Defendant Herbert Kohler's Motion to Dismiss for lack of personal jurisdiction. Defendant Kohler argues that he had no contacts with Arkansas in his individual capacity, and that the contacts of Kohler Company cannot be imputed to Defendant Kohler under the fiduciary shield doctrine.

*Fiduciary Shield Doctrine*

"The fiduciary (or 'corporate') shield doctrine provides that individuals performing acts in a state in their corporate capacity are not subject to the personal jurisdiction of the courts of that state for those acts." *Torchmark Corp. v. Rice*, 945 F.Supp. 172, 176 (E.D.Ark. 1996) (Roy, J.). This doctrine is a creature of state law. In applying the constitutional due process analysis for personal jurisdiction, the United States Supreme Court declined to consider any fiduciary shield defense and measured only the contacts of the individuals concerned. *See Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482, 1487 (1984) ("Petitioners are correct that their contacts with California are not to be judged according to their employer's activities there. On the other hand, their status as employees does not somehow insulate them from jurisdiction. Each defendant's contacts with the forum State must be assessed individually.").

- 1 -

Accordingly, courts have considered the fiduciary shield doctrine when applying state long-arm statutes, but rejected the doctrine where the long-arm statute is coextensive with the due process clause of the United States Constitution. *See*, *e.g.*, *Charter Communications VI, LLC v. Eleazer*, 398 F. Supp. 2d 502, 505 (S.D.W.Va. 2005) ("In the Fourth Circuit, to the extent that a forum state's long-arm statute is "coextensive with the full reach of due process," fiduciary shield documents like the one alleged by Eleazer are unavailable."); *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 522 (9th Cir. 1989) ("Arizona's long-arm statute may, consistent with constitutional due process, allow assertion of personal jurisdiction over officers of a corporation as long as the court finds those officers to have sufficient minimum contacts with Arizona."); *see also Johnson v. Woodcock*, --- F.3d ----, 2006 WL 250245 at *1 (8th Cir. February 03, 2006) ("Because Minnesota's long-arm statute is coextensive with constitutional limits, we need only determine whether the assertion of jurisdiction over this defendant offends due process."); *ePlus Technology, Inc. v. Aboud*, 313 F.3d 166, 177 (4th Cir. 2002) ("Therefore, the court's exercise of jurisdiction was proper if Aboud had sufficient contacts with Virginia, even if those contacts were made ostensibly on behalf of [the company].").

IT IS THEREFORE ORDERED that the Motion to Dismiss for Lack of Jurisdiction filed by Defendant Herbert Kohler (Dkt. #10) be, and it is hereby, DENIED.

Dated this 28th day of July, 2006.

           _/s/ Garnett Thomas Eisele_____
           UNITED STATES DISTRICT JUDGE