UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DAVID M. HARGIS**                                                                                          **PLAINTIFF**

v.                                          **CASE NO. 4:05-CV-1332 GTE**

**WILDLIFE FARMS, INC., et al.**                                                        **DEFENDANTS**

## ORDER ON MOTION TO INTERVENE

Presently before the Court is the Motion to Intervene filed by Edgar J. Tyler on July 25, 2006. Mr. Tyler requests intervention in the above-captioned case pursuant to Fed. R. Civ. P. 24(a)(2). Defendant The National Auction Group, Inc. filed a response supporting the Motion to Intervene. The remaining defendants did not respond.

> Fed. R. Civ. P. 24(a)(2) provides:
>
> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The proposed intervenor must demonstrate that: "(1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." *South Dakota ex rel. Barnett v. U.S. Dept. of Interior,* 317 F.3d 783, 785 (8th Cir. 2003). The fourth and final requirement is that the motion to intervene must be "timely." *United States v. Union Elec. Co.,* 64 F.3d 1152, 1158 (8th Cir.1995).

**A.  Interest and Impairment of Interest**

First, the applicant for intervention must have an interest in the subject matter of the litigation, *i.e.,* an interest that is "direct," as opposed to tangential or collateral. Furthermore, that interest must be "recognized," *i.e.,* both "substantial" and "legally protectable." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir.1995). Second, "[t]he applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene. . . .[A]n *intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund.* Thus, when a particular fund is at issue, an applicant claims an interest in the very property that is the subject matter of the suit." *Liberty Mutual Insurance Company v. Treesdale, Inc.,* 419 F.3d 216, 220-21 (3rd Cir. 2005) (emphasis added) (quoting *Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.,* 72 F.3d 361, 366 (3rd Cir.1995)).

Mr. Tyler claims an interest in the funds held in escrow, now deposited with the Court, which is the subject matter of this Complaint for Interpleader. Specifically, Mr. Tyler claims that he has performed valuable legal services in connection with the sale of Wildlife Farms, Inc., and that part of his fees have already, with the Court's consent, been deducted from the funds deposited with the registry of the Court. Mr. Tyler properly asserts that the disposition of the action *may* impair his interest in the escrow funds.

## B.  Inadequate Representation by Existing Party

Third, the proposed intervenor must meet a "minimal burden of showing that its interests are not adequately represented by the parties." *South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003). Although Mr. Tyler previously received a portion of his legal fees through Mr. Hargis' efforts, the record does not indicate that Mr. Hargis has any legal duty to represent Mr. Tyler's additional claims for legal fees. As such, Mr. Tyler is not adequately represented by the parties.

**C.  Timeliness**

Finally, the motion to intervene must be "timely." *United States v. Union Elec. Co.,* 64 F.3d 1152, 1158 (8th Cir.1995).  Whether a motion to intervene is timely is determined by considering all the circumstances of the case.  *United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir. 1995).  "In determining timeliness, three factors that bear particular consideration are the reason for any delay by the proposed intervenor in seeking intervention, how far the litigation has progressed before the motion to intervene is filed, and how much prejudice the delay in seeking intervention may cause to other parties if intervention is allowed."  *Id.*  "If the applicant's motion to intervene was not timely filed, the applicant is barred from intervening."  *Id.*

Here, Mr. Hargis filed his Complaint for Interpleader on September 28, 2005.  Mr. Tyler's Motion to Intervene was filed on July 25, 2006.  Prior to Mr. Tyler's Motion to Intervene, the Separate Defendants filed answers and the Court denied a Motion to Dismiss for Lack of Jurisdiction by Defendant Kohler.  Despite the ten-month delay in filing the Motion to Intervene, this case has not significantly progressed, as the parties are essentially waiting for a decision in the related case of *Barnett v. Kohler*, Case No. 4:05-cv-1328.  As such, any prejudice to the other parties caused by Mr. Tyler's delay in seeking intervention by Mr. Tyler is minimal.  Thus, Mr. Tyler's Motion to Intervene should be granted.

IT IS THEREFORE ORDERED that the Motion to Intervene (Dkt. #24) be, and it is hereby, GRANTED.

Dated this __7th__ day of September, 2006.

                                              /s/ G. Thomas Eisele          
                                             UNITED STATES DISTRICT JUDGE